# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JOSEPH ROGERS**                                                **PLAINTIFF**
**ADC #111678**

**V.**                          **NO. 2:26-cv-00024-BSM-ERE**

**ANTWON EMSWELLER,** *et al.*                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

## I.      Procedure for Filing Objections

This Recommended Disposition (RD) has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this RD. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this RD. If you do not object, you risk waiving the right to appeal questions of fact.

## II.      Background

*Pro se* plaintiff Joseph Rogers, an Arkansas Division of Correction ("ADC") inmate being held at the Phillips County Jail ("County Jail") for a "90 day to 6 mo. [t]echnical parole sanction," filed this 42 U.S.C. § 1983 case. *Doc. 2 at 4*. Mr. Rogers' complaint alleges that Defendants have denied him due process by: (1) failing to provide him access to a grievance procedure; (2) failing to provide him access to a law library; and (3) failing to properly process his parole plan. He sues

Warden Antwon Emsweller, ADC Director Dexter Payne, Records Officer Smith, and Institutional Parole Officer Adams in both their individual and official capacities seeking monetary damages.

For the reasons explained below, Mr. Rogers' complaint should be dismissed for failure to state a plausible constitutional claim for relief.

## III.  Discussion

### A.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

## B.    Grievance Procedure

Mr. Rogers' complaint alleges that the County Jail does not have either a formal or informal grievance procedure. However, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As a result, this claim is not actionable under section 1983.

## C.    Law Library

Mr. Rogers also alleges that Defendants' failure to provide him access to a law library violates his constitutional rights. In *Bounds v. Smith*, 430 U.S. 817 (1977), "[the Supreme Court] held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds*, 430 U.S. at 828) (emphasis added). "Nevertheless, *Bounds* 'did not create an abstract, freestanding right to a law library.'" *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (quoting *Lewis*, 518 U.S. at 351). "Instead, prison officials must provide inmates with 'meaningful access to the courts,' and providing a law library is merely one way to comply with this obligation." *Id*. (quoting *Bounds*, 430 U.S. at 824).

3

In addition, to state a plausible claim for a violation of the right of meaningful access to the courts, a prisoner must allege that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). See also *White v. Kautzky*, 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 to vindicate the violation of a basic constitutional right. *Id. at 355* ("The tools [required by *Bounds*] are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Here, Mr. Rogers fails to allege that he suffered any "actual injury" as a result of the alleged denial of law library access. As a result, he has failed to state a plausible constitutional claim for relief.

4

### D.      Violation of ADC Policy

Mr. Rogers also complains that Defendants' failure to provide him access to a grievance procedure or a law library violates ADC policy. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E.      Due Process - Parole

Mr. Rogers' complaint alleges that Defendants Smith and Adams have violated his due process rights by refusing to submit his parole plan.

Due process requirements apply only where a person is deprived of life, liberty, or property by government action, *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003), and the only possible deprivation in this case is a loss of liberty. However, to possess a liberty interest protected by the Due Process Clause, Mr. Rogers must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Importantly, the United States Supreme Court has never recognized a liberty interest in early release where state law leaves parole decisions to the discretion of a parole board, as Arkansas does. The Arkansas Supreme Court "has repeatedly held

that there is no liberty interest in parole in Arkansas." W*ood v. Ark. Parole Bd.*, 2022 Ark. 30, 5, (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3 (2019)). And the Eighth Circuit has recognized that the Arkansas parole statutes create only a possibility of parole and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

Because Mr. Rogers was not entitled to due process in connection with the opportunity to be considered for or released to parole, he has failed to state a plausible constitutional claim.

## IV.   <u>Conclusion</u>

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Rogers' complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2.   The Clerk be instructed to close this case.

3.   The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 27 February 2026

_____
UNITED STATES MAGISTRATE JUDGE